1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

THOMAS PORTER,

               Petitioner,

    v.

JAMES D. HARTLEY,

              Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 1:12-cv-00698-JLT

ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS

ORDER DIRECTING THAT RESPONSE BE FILED WITHIN THIRTY DAYS

       Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 10, 2012, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes.  (Doc. 4).  The instant petition was filed on May 1, 2012.[1]  A preliminary review of the petition, however, reveals that the petition is untimely and should therefore be dismissed.

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA.  Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).  Accordingly,

1

## DISCUSSION

2      A.  Preliminary Review of Petition.

3          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

4   if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

5   not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The

6   Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas

7   corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after

8   an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

9          The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a

10  habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate

11  notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing this

12  Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in

13  Herbst.

14      B.   Limitation Period For Filing Petition For Writ Of Habeas Corpus

15         On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

16  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus

17  filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997);

18  Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

19  The instant petition was filed on May 1,  2012, and thus, it is subject to the provisions of the AEDPA.

20         The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

21  petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

22  reads:

23          (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
            corpus by a person in custody pursuant to the judgment of a State court.  The
24          limitation period shall run from the latest of –

25

26  _____

27  for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the
    petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing
    date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.
28  Petitioner signed the instant petition on May 1, 2012.  (Doc. 1, pp. 28-29).

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, the Petitioner was convicted on August 2, 1989, after entering a guilty plea that was part of a plea bargain.  (Doc. 1, p. 1).  Petitioner claims that the Kern County District Attorney violated the terms of the plea agreement by failing to write a letter urging that parole be granted at Petitioner's first parole hearing.

For claims that the state breached a plea agreement such as Petitioner raises here, the limitations period begins to run on the date the petitioner learned of the breach.  See Burns v. California, 2009 WL 2381423 at *3 (C.D. Cal. 2009)(limitations period began running on the date of the breach); Crenshaw v. Tilton, 2008 WL 878887 at *6 (S.D. Cal. 2008)(limitations period begins running on date prisoner knew or should have known that a breach occurred"); Singleton v. Curry, 2007 WL 1068227 at *2 (N.D. Cal. 2007)(limitation period for breach of plea bargain claim is determined under section 2244(d)(1)(D)); Daniels v. Kane, 2006 WL 1305209 at *1 (N.D.Cal. 2006)(statute of limitation begins to run on "the date a petitioner knew or should have known that a breach occurred"); Murphy v. Espinoza, 401 F.Supp. 2d 1048, 1052 (C.D. Cal. 2005)(statute of limitation begins to run on date petitioner became aware, or should have become aware, that the plea agreement had been breached).

3

1    Here, the petition alleges that Petitioner first became aware of the purported breach of the plea

2    agreement when, at Petitioner's first parole hearing on April 22, 1997, the Kern County prosecutor

3    failed to appear to urge that parole be granted.  (Doc. 1, p. 12).  Although Petitioner details numerous

4    other parole hearings over the years at which the local prosecutor also failed to appear to urge a grant

5    of parole, it is clear from Petitioner's allegations that the factual basis for his claim of a breach of the

6    plea agreement was known to Petitioner on April 22, 1997.  Thus, under the provisions of 28 U.S.C. §

7    2244(d)(1)(D), the one-year period would have commenced on the following day, i.e., April 23, 1997,

8    and would have expired 365 days later, i.e., on April 22, 1998.

9    As mentioned, the instant petition was filed on May 1, 2012, over fourteen years after the date

10   the one-year period would have expired.  Thus, unless Petitioner is entitled to either statutory or

11   equitable tolling, the instant petition is untimely and should be dismissed.

12       C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

13   Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed

14   application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. §

15   2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

16   governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

17   U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California

18   petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay

19   in the intervals between a lower court decision and the filing of a petition in a higher court.

20   Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized

21   by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations

22   omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

23   536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006

24   (9th Cir. 1999).

25   Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.

26   For example, no statutory tolling is allowed for the period of time between finality of an appeal and

27   the filing of an application for post-conviction or other collateral review in state court, because no

28

4

state court application is "pending" during that time.  <u>Nino</u>, 183 F.3d at 1006-1007; <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition.  <u>Id.</u> at 1007.   In addition, the limitation period is not tolled during the time that a federal habeas petition is pending.  <u>Duncan v. Walker</u>, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); <u>see also</u>, <u>Fail v. Hubbard</u>, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition.  <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); <u>Jiminez v. White</u>, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  <u>See</u> <u>Gaston v. Palmer</u>, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, although Petitioner does not provide a precise chronology, it appears that from approximately 2005 onward, he has attempted to present his claims to the state courts and thereby exhaust his state court remedies.  Normally, if such petitions were "properly filed" under the AEDPA, they would entitle Petitioner to statutory tolling of the one-year period during their pendency.  However, a petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition.  <u>Green v. White</u>, 223 F.3d 1001, 1003 (9th Cir. 2000); <u>Jiminez v. Rice</u>, 276 F.3d 478 (9th Cir. 2001);  <u>see</u> <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); <u>Ferguson v. Palmateer</u>, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); <u>Jackson v. Dormire</u>, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).   Here, as mentioned, the limitations period expired on April 22, 1998, long before it appears that Petitioner filed his first state habeas petition.  Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA.

D.  <u>Equitable Tolling</u>.

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable

5

tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When  external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim.  Accordingly, the Court makes a preliminary finding that Petitioner is not entitled to equitable tolling.  Thus, the petition is untimely and should be dismissed.

## **ORDER**

For the foregoing reasons, the Court HEREBY ORDERS: Petitioner to SHOW CAUSE within 30 days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

///
///
///
///
///
///

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.


IT IS SO ORDERED.

Dated:   **May 21, 2012**                              **/s/ Jennifer L. Thurston**
                                                     UNITED STATES MAGISTRATE JUDGE