# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS PORTER,<br><br>         Petitioner,<br><br>    v.<br><br>JAMES D. HARTLEY,<br><br>         Respondent. | Case No.: 1:12-cv-00698-JLT<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS (Doc. 1)<br><br>ORDER DENYING PETITIONER'S MOTION TO REINSTATE HIS CIVIL RIGHTS CASE<br><br>ORDER DIRECTING THAT CLERK OF THE COURT ENTER JUDGMENT AND CLOSE THE CASE<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 10, 2012, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 4). The instant petition was filed on May 1, 2012.[1] After a preliminary review of the petition suggested that the petition may be

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit

1

untimely and should therefore be dismissed, the Court, on May 21, 2012, issued an Order to Show Cause why the petition should not be dismissed as untimely and required that Petitioner file a response within thirty days. (Doc. 5). On May 30, 2012, Petitioner filed his written response. (Doc. 6).

## DISCUSSION

A.  Preliminary Review of Petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. By issuing the May 21, 2012 Order to Show Cause, the Court afforded Petitioner the notice required by the Ninth Circuit in Herbst.

B.  Limitation Period For Filing Petition For Writ Of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on May 1, 2012, and thus, it is subject to the provisions of the AEDPA.

---

has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on May 1, 2012. (Doc. 1, pp. 28-29).

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner was convicted on August 2, 1989, which was the result of a guilty plea that was part of a plea bargain. (Doc. 1, p. 1). Petitioner claims that the Kern County District Attorney violated the terms of the plea agreement by failing to write a letter urging that parole be granted at Petitioner's first parole hearing.

For claims that the state breached a plea agreement, such as in the instant case, the limitations period begins to run on the date the petitioner learned of the breach. See Burns v. California, 2009 WL 2381423 at *3 (C.D. Cal. 2009)(limitations period began running on the date of the breach); Crenshaw v. Tilton, 2008 WL 878887 at *6 (S.D. Cal. 2008)(limitations period begins running on date prisoner knew or should have known that a breach occurred"); Singleton v. Curry, 2007 WL 1068227 at *2 (N.D. Cal. 2007)(limitation period for breach of plea bargain claim is determined under section

3

2244(d)(1)(D)); <u>Daniels v. Kane</u>, 2006 WL 1305209 at *1 (N.D.Cal. 2006)(statute of limitation begins to run on "the date a petitioner knew or should have known that a breach occurred"); <u>Murphy v. Espinoza</u>, 401 F.Supp. 2d 1048, 1052 (C.D. Cal. 2005)(statute of limitation begins to run on date petitioner became aware, or should have become aware, that the plea agreement had been breached).

      Here, the petition alleges that Petitioner first became aware of the purported breach of the plea agreement when, at Petitioner's first parole hearing on April 22, 1997, the Kern County prosecutor failed to appear to urge that parole be granted. (Doc. 1, p. 12). Petitioner details numerous other parole hearings over the years at which the local prosecutor also failed to appear to urge a grant of parole. It is clear from these allegations that the factual basis for his claim of a breach of the plea agreement was known to Petitioner on April 22, 1997, at his first parole suitability hearing. Thus, under the provisions of 28 U.S.C. § 2244(d)(1)(D), the one-year period would have commenced on the following day, i.e., April 23, 1997, and would have expired 365 days later, i.e., on April 22, 1998.

      In his response to the Order to Show Cause, Petitioner now contends that although the prosecutor failed to write the requisite letter or appear at his first parole hearing on April 22, 1997, some eight years after his conviction, the terms of the plea agreement actually provided that the prosecutor would write a letter urging a grant of parole when Petitioner became eligible, which, according to Petitioner, would require a minimum of ten years, i.e., no earlier than 1999. (Doc. 6, p. 4). This contention makes little sense because Petitioner obviously became eligible for a parole suitability hearing on April 22, 1997, given such a hearing was held on that date. Following Petitioner's logic, the plea agreement would have required the prosecutor to forego writing a letter urging parole at that 1997 hearing and instead would have required the prosecutor to wait another two years, even though Petitioner was already eligible for parole consideration. However, the Court need not concern itself with this obvious discrepancy in Petitioner's logic because if the one-year period did not commence until some point in 1999, it would have expired a year later, i.e., at some point in 2000, well before Petitioner filed his first state habeas claim in 2005.

      As mentioned, the instant petition was filed on May 1, 2012, over fourteen years after the date the one-year period would have expired on April 23, 1997. Thus, unless Petitioner is entitled to

statutory or equitable tolling, the instant petition is untimely and should be dismissed.

      C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling

when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, though Petitioner does not provide a precise chronology, it appears from approximately 2005 onward, he has attempted to present his claims to the state courts and thereby exhaust his state court remedies. Normally, if such petitions were "properly filed" under the AEDPA, they would entitle Petitioner to statutory tolling of the one-year period during their pendency. However, a petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the re-initiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period). As mentioned, the limitations period expired on April 22, 1998, long before Petitioner filed his first state habeas petition. Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA.

D.  Equitable Tolling.

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold

necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim. In his response to the Order to Show Cause, however, Petitioner argues he is entitled to equitable tolling. Petitioner first complains that he originally presented these claims to this Court in case no. 1:12-cv-00404-GSA. The Court's review of its own file in that case demonstrates that petitioner originally filed that case as a prisoner civil rights case pursuant to 42 U.S.C. § 1983 on March 19, 2012; that Petitioner's primary complaint in that case, as here, was that the prosecutor violated the plea agreement of fifteen-years-to-life, effectively converting his sentence to a life sentence; that the preliminary screening of that complaint recognized that petitioner was challenging his conviction and, therefore, that any challenge must proceed as a habeas corpus petition; and that the Court dismissed the complaint without prejudice on April 24, 2012.[2]

In his response to the Order to Show Cause, Petitioner notes that the dismissal of his § 1983 case was without prejudice to filing a subsequent habeas case and that dismissal of the instant petition would be "fundamentally unfair" and would further perpetuate the perception that the legal system has acted in a "merry-go-round" fashion vis-à-vis Petitioner's legal rights. (Doc. 6, p. 1). Petitioner goes so far as to suggest that the prior court "invited" Petitioner to file a habeas petition.

While the Court appreciates Petitioner's frustration, Petitioner really has no one to blame but himself. As the prior Court correctly explained, Petitioner can *only* challenge his conviction in a habeas petition; he cannot do so in a civil rights case pursuant to § 1983. However, while a petitioner may always file a habeas petition in this Court, since 1996 the AEDPA, has imposed severe restrictions on the ability of state inmates to successfully maintain habeas proceedings and receive a

---

[2] Generally, a Court may take judicial notice of its own docket and files. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981)(judicial notice may be taken of court records). Accordingly, the Court hereby takes judicial notice of its records and files in case no. 1:12-cv-00404-GSA.

merits decision. One of the most stringent restrictions is the one-year statute of limitations. It is not waiveable, it is not discretionary, and it may only be excused under very precise circumstances which are not present in this case. The prior Court's dismissal of Petitioner's § 1983 case without prejudice was required by federal law and did not address in any way whether, subsequent to filing his habeas petition, Petitioner could survive the rigorous timeliness requirements of the AEDPA. The Court has read the order of dismissal in the previous case and nowhere in that order is there the slightest suggestion that, once filed, Petitioner's habeas petition would survive a timeliness review. For the reasons stated above, it cannot. By delaying for many years the raising of his claims in a federal habeas petition, Petitioner has not acted with diligence. He cannot now blame anyone but himself for the resulting fatal timeliness problem.

Next, Petitioner claims that equitable tolling should be applied because he is "actually innocent" of the charges. (Doc. 6, p. 5). Petitioner contends that he did not participate in the killing of the victim, that his attorney "agonized" over urging him to enter a plea agreement for a crime he did not commit, and that such circumstances entitle him to equitable tolling. Petitioner is incorrect.

In Lee v. Lampert, 610 F.3d 1135 (9th Cir. 2010), the Ninth Circuit held that the AEDPA's one-year statute of limitation contained no exception for a claim of actual innocence. The appellate court began by rejecting the contention that "actual innocence" was a sub-type of equitable tolling:

> "Nor is the actual innocence exception a species of equitable tolling, such that the presumption in favor of equitable tolling entails a presumption in favor of an actual innocence exception. Quite the contrary, the actual innocence exception is not a type of tolling because it does not involve extending a statutory period for a particular amount of time. Moreover, the actual innocence exception has nothing to do with failing to meet a deadline because of extraordinary circumstances, which is the situation addressed by equitable tolling. [Citation omitted.] Our inquiry, therefore, is not limited to whether there is sufficient evidence to rebut a presumption. Rather, we must determine the best reading of the statute in the first instance."

Lee, 610 F.3d at 1129.

The Court went on to hold that a claim of actual innocence will not toll the AEDPA's one year limitation period:

> "The omission of 'actual innocence" from the enumerated list of exceptions in the statutory text is significant, as four of our sister circuits have held. Since 'section 2244(d) comprises six paragraphs defining its one-year limitations period in detail and adopting very specific exceptions,' the First Circuit reasoned, 'Congress likely did not conceive that the courts would

add new exceptions and it is even more doubtful that it would have approved such an effort.' [Citation.]  It is not our place to 'engraft an additional judge-made exception onto congressional language that is clear on its face.' [Citation.] We 'cannot alter the rules laid down in the text.' [Citation.]  The 'one-year limitations period established by 2244(d) contains no explicit exemption for petitions claiming actual innocence,' and we decline to add one."

Lee, 610 F.3d at 1129. (Citations omitted).  The Ninth Circuit's holding is consistent with four other circuits that have reached a similar conclusion.  See Escamilla v. Jungwirth, 426 F.3d 868, 871-872 (7th Cir. 2005); David v. Hall, 318 F.3d 343, 347 (1st Cir. 2003); Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002); Flanders v. Graves, 299 F. 3d 974, 976-978 (8th Cir. 2002).  Therefore, Petitioner's claim of actual innocence is entirely irrelevant to the question of the timeliness of his petition or to his entitlement to equitable tolling.  Accordingly, the Court finds that Petitioner is not entitled to equitable tolling.  Thus, the petition is untimely and must be dismissed.

Next, Petitioner requests either that the Court not extend the AEDPA to a plea agreement reached in 1989, a time prior to the enactment of the AEDPA, or, alternatively, that the Court order the prior Court to reinstate his § 1983 case.  As to the first request, the AEDPA applies to habeas petitions filed after April 24, 1996, regardless of the date when the claims in those petitions arose.  Because Petitioner filed his petition on May 1, 2012, after the effective date of the AEDPA, the AEDPA clearly applies to any claims raised by Petitioner in that petition, regardless of the date when those claims arose.

Second, this Court has no authority to order the prior Court to do anything with respect to Petitioner's § 1983 case.[3]  Moreover, reopening the § 1983 claim would not allow Petitioner to challenge his sentence or the asserted breach of the plea agreement.  As the Court informed Petitioner,

---

[3] A motion, pursuant to Federal Rule of Civil Procedure 60(b), permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id [3]  Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).  The Court sees no grounds that would justify re-opening the § 1983 case, at this time.

this can *only* be challenged on habeas corpus and *he has violated the statute of limitations*, making these claims unreviewable.

Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court has denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial

showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court DECLINES to issue a certificate of appealability.

**ORDER**

For the foregoing reasons, the Court **HEREBY ORDERS** as follows:

1. The petition for writ of habeas corpus (Doc. 1), is **DISMISSED** for violation of 18 U.S.C. § 2244(d);
2. Petitioner's motion to reinstate his civil rights case is **DENIED**;
3. The Clerk of the Court is **DIRECTED** to enter judgment and close the case; and,
4. The Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **August 16, 2012**                              /s/ Jennifer L. Thurston
                                                        UNITED STATES MAGISTRATE JUDGE

showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court DECLINES to issue a certificate of appealability.

**ORDER**

For the foregoing reasons, the Court **HEREBY ORDERS** as follows:

1. The petition for writ of habeas corpus (Doc. 1), is **DISMISSED** for violation of 18 U.S.C. § 2244(d);
2. Petitioner's motion to reinstate his civil rights case is **DENIED**;
3. The Clerk of the Court is **DIRECTED** to enter judgment and close the case; and,
4. The Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **August 16, 2012**                              /s/ Jennifer L. Thurston
                                                        UNITED STATES MAGISTRATE JUDGE